E-FILED
Thursday, 06 December, 2018  09:18:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **Stacey Mooney**, on behalf of herself and all others similarly situated, | Case No. 1:18-cv-1439 |
| Plaintiff, | |
| v. | |
| **Illinois Education Association**; **Congerville-Eureka-Goodfield Education Association**, as representative of the class of all chapters and affiliates of the Illinois Education Association; **National Education Association**, | **Plaintiff's Class-Action Complaint** |
| Defendants. | |

Stacey Mooney brings this class action on behalf of herself and all others similarly situated, seeking redress for the defendants' violations of her constitutionally protected rights. The defendants have violated Ms. Mooney's rights by forcing her to pay compulsory "fair-share fees" to the Illinois Education Association (IEA) and its affiliates as a condition of her employment. *See Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). Ms. Mooney sues to recover these unconstitutional assessments, and she sues as class representative for all who paid fair-share fees to the IEA or its affiliates.

## JURISDICTION AND VENUE

1.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2.  Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3.    Because Ms. Mooney's claims arose in Woodford County, the case is properly assigned to the Peoria division. *See* Local Rule 40.1(A).

## PARTIES

4.    Plaintiff Stacey Mooney resides in Tazewell County, Illinois.

5.    Defendant Illinois Education Association (IEA) is a labor union whose headquarters are located at 100 East Edwards Street Springfield, Illinois 62704-1999.

6.    Defendant Congerville-Eureka-Goodfield Education Association is a local union chapter affiliated with the IEA. It is sued as representative of the class of all chapters and affiliates of the IEA.

7.    Defendant National Education Association (NEA) is a labor union whose headquarters are located at 1201 16th Street NW, Washington, D.C. The NEA is affiliated with the IEA.

## STATEMENT OF THE CLAIM

8.    Ms. Mooney is a public-school teacher in the Eureka Community School District #140. She has taught there since 1990.

9.    Throughout her teaching career, Ms. Mooney has refused to join the IEA or its affiliates because she disapproves of their political advocacy and collective-bargaining activities and does not wish to support or subsidize them in any way. Ms. Mooney also disapproves of the excessive salaries that the IEA pays to its high-ranking officials

10.    Even though Ms. Mooney refused to join the IEA or its affiliates, she was nonetheless compelled to pay "fair-share fees" to the union as a condition of her employment. *See* 115 ILCS 5/11 (allowing collective-bargaining agreements to compel "fair-share fees" from non-union members) (attached as Exhibit 1); Collective Bargaining Agreement Between Congerville-Eureka-Goodfield Education Association

IEA/NEA and Congerville-Eureka-Goodfield C.U.S.D. No. 140 Board of Education, article 2-2 (compelling all school employees to pay either union dues or "fair-share fees") (attached as Exhibit 2).

11.    This compelled subsidy that the union imposed on Ms. Mooney violates her constitutional rights. *See Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

12.    The Supreme Court's ruling in *Janus* is retroactive. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 96 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law.")

13.    The IEA and its affiliates were acting under color of state law by imposing and collecting these "fair-share fees" from Ms. Mooney. *See* 115 ILCS 5/11; *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922 (1982).

14.    Ms. Mooney is therefore entitled to a refund of the money that was forcibly taken from her in violation of her constitutionally protected rights. *See* 42 U.S.C. § 1983.

15.    The affirmative defense of qualified immunity is unavailable to private entities such as labor unions. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

16.    Even if the unions could assert an affirmative defense such as qualified immunity or "good faith," those defenses can provide only an immunity from money damages, and they do not confer immunity when a plaintiff seeks equitable monetary relief such as restitution or unjust enrichment, which Ms. Mooney is asserting here.

17.    Finally, even if this Court were to allow the unions to assert a "good faith" defense to Ms. Mooney's section 1983 claims, the union must *still* show that it complied with pre-*Janus* case law before it can escape liability under section 1983. *See Abood v. Detroit Board of Education*, 431 U.S. 209, 239–40 (1977). Under *Abood*, public-employee unions may require non-members to pay only for union activities

that are non-ideological, and they are forbidden to require an employee to "contribute to the support of an ideological cause he may oppose as a condition of holding a job." *Abood*, 431 U.S. at 235. So the union must, at the very least, prove that it complied with *Abood* before it can establish a "good faith" defense under section 1983.

18.   The IEA and its affiliates have also committed the torts of conversion and trespass to chattels by appropriating Ms. Mooney's money without her consent. The IEA cannot defend its tortious conduct by relying on 115 ILCS 5/11, because this statute is unconstitutional and unconstitutional statutes cannot confer immunity on tortious conduct.

19.   The collective-bargaining agreement negotiated by the Congerville-Eureka-Goodfield Education Association promises that the union "will indemnify and hold harmless the employer from any liability for damages and costs imposed by a final judgment of a court or administrative agency as a direct consequence of the Employer's non-negligent compliance with" the provisions governing "fair-share fees." *See* Exhibit 2, article 2-2. The collective-bargaining agreement also requires the union to pay the school district's costs of defending any lawsuits brought against it as a result of the agency-shop arrangement. *See id*.

20.   Ms. Mooney is suing on behalf of all non-union employees who were forced to pay "fair-share fees" to the IEA or its affiliates as a condition of their employment. The class includes everyone who has ever fallen within this definition, including former or retired school employees as well as those who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

21.   Ms. Mooney has Article III standing to bring these claims. She has suffered injury in fact because she was forced to pay money to the union against her will as a condition of employment. The injury was caused by the unconstitutional behavior of

the defendants, and the injury will be redressed by a refund of the money that the union unconstitutionally extracted from Ms. Mooney and her fellow class members.

## CAUSES OF ACTION

22.   Ms. Mooney is suing the defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that she is requesting.

23.   Ms. Mooney is also suing the defendants under the state-law actions of conversion, trespass to chattels, replevin, unjust enrichment, restitution, and any other legal or equitable cause of action that offers relief for this unlawful seizure of her personal property. Ms. Mooney invokes the supplemental jurisdiction of this court over those state-law claims. *See* 28 U.S.C. § 1367.

## DEMAND FOR RELIEF

24.   Ms. Mooney respectfully requests that the court:

a.   certify a plaintiff class of all individuals who quit or refused to join the IEA or its affiliates but were compelled to pay "fair-share fees" to those unions as condition of their employment;

b.   certify a defendant class of all chapters and affiliates of the Illinois Education Association;

c.   order the IEA, along with its affiliates and chapters, including the National Education Association, to refund any and all "fair-share fees" that they unconstitutionally extracted from Ms. Mooney and her fellow class members, along with pre-judgment and post-judgment interest;

d.   order the IEA, along with its affiliates and chapters, including the National Education Association, to refund any and all "fair-share service

fees" that were spent on political and ideological expenditures, in violation of *Abood* and pre-*Janus* cases, along with pre-judgment and post-judgment interest;

e.      award costs and attorneys' fees under 42 U.S.C. § 1988;

f.      grant all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

Jonathan F. Mitchell*
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Lead Counsel for Plaintiff and
the Proposed Class*

* *pro hac vice* application pending

Dated: December 6, 2018

 /s/ Norman Rifkind 
Norman Rifkind
Law Office of Norman Rifkind
100 East Huron Street #1306
Chicago, Illinois 60611
(847) 372-4747
norman@rifslaw.com

*Local Counsel for Plaintiff and
the Proposed Class*